USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/18/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
DENNIS MCCONKEY,                                                       :
                                                                       :
                              Plaintiff,                               :
                                                                       :       24-cv-06091 (LJL)
                  -v-                                                  :
                                                                       :       MEMORANDUM AND
THE CHURCHILL SCHOOL AND CENTER,                                       :       ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Defendant The Churchill School and Center ("Defendant") moves, pursuant to Federal Rule of Civil Procedure 37(a)(1), to compel Plaintiff Dennis McConkey ("Plaintiff") to produce documents. Dkt. No. 35. The motion is granted in part and denied in part.

    Defendant seeks to compel Plaintiff to produce a HIPAA-compliant authorization to permit Defendant to obtain relevant records from a treatment provider from whom Plaintiff sought treatment in connection with his claimed damages of emotional distress, mental anguish, and other non-economic injuries. Dkt. No. 35 at 2. Plaintiff does not dispute that he intends to use evidence of his treatment in support of his claim for damages and goes so far as to assert that Defendant can ask questions of Plaintiff about his treatment at his deposition. Dkt. No. 37 at 2; Dkt. No. 38 at 2. Plaintiff resists the request on the grounds that the treatment provider at issue does not maintain records of Plaintiff's treatment, such that the records sought do not exist. Dkt. No. 37 at 1–2; Dkt. No. 38 at 1–2.

    The motion to compel is granted. Plaintiff seeks damages for "emotional distress, humiliation, [and] pain and suffering." Dkt. No. 1 ¶¶ 73, 77, 81, 89, 93, 97; *id.* at 16. Plaintiff intends to use information about the treatment provider in support of his claim for damages. It is

"unfair to allow [a] plaintiff to make allegations of emotional distress . . . and then deny defendants access to circumstantial evidence that offers a reasonable prospect of corroborating or undermining [his] claims.'" *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *3 (S.D.N.Y. Dec. 21, 2022) (quoting *Zakrzewska v. New Sch.*, 2008 WL 126594, at *3 (S.D.N.Y. Jan. 7, 2008)). By claiming more than garden variety emotional distress and relying on testimony about his provider, Plaintiff has put at issue the treatment he received from the provider. *See In re Consolidated RNC Cases*, 2009 WL 130178 at *7 (S.D.N.Y. Jan. 8, 2009) (Sullivan, J.); *Chiquelin v. Efunds Corp.*, 2003 WL 21459581, at *2 (S.D.N.Y. June 24, 2003). Defendant is not required to accept Plaintiff's say-so that no documents exist. It is entitled to test that representation by service of a subpoena on the provider.

Second, Defendant moves for an order compelling Plaintiff to produce documents reflecting his post-termination earnings from any source, including but not limited to self-employment, freelance work, art sales, or other income. Dkt. No. 35 at 3. Plaintiff responds that the only income he has not disclosed is that from the sale of paintings while he worked for Defendant and thereafter. Dkt. No. 37 at 2; Dkt. No. 38 at 2. He argues that income from "moonlighting" which he would have continued to earn had he not been fired by Defendant cannot be used to offset any backpay award for unlawful firing.

"One objective of Title VII is to 'make persons whole' if they have suffered employment discrimination"—"not more or less than whole." *United States v. City of New York*, 847 F. Supp. 2d 395, 408, 422 (E.D.N.Y. 2012) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 364 (1977)). "Backpay is one of the basic components of 'make whole' relief." *Id.* (citing *Wrenn v. Dep't of Veterans Affairs*, 918 F.2d 1073, 1076 (2d Cir.1990)). "In fashioning a backpay award, the court 'must, as nearly as possible, recreate the conditions and relationships

that would have been had there been no unlawful discrimination.'" *Id.* (quoting *Ingram v. Madison Square Garden, Inc.*, 709 F.2d 807, 811 (1983) (cleaned up)).

"An employee is generally entitled to back pay from the date of his wrongful termination to the date the discrimination is rectified." *Clarke v. Frank*, 960 F.2d 1146, 1151 (2d Cir. 1992). However, Title VII requires that any award of back pay shall be reduced by any "[i]nterim earnings or amounts earnable with reasonable diligence by" the plaintiff. 42 U.S.C. § 2000e-5. "Interim earnings" means "any earnings obtained or which could have been obtained by way of reasonable diligence during the time between the wrongful termination and the date of substitute comparable employment which are 'less than those previously paid.'" *Hamza v. Saks Fifth Ave., Inc.*, 2011 WL 6187078, at *4 (S.D.N.Y. Dec. 5, 2011) (quoting *Taddeo v. Ruggiero Farenga, Inc.*, 102 F.Supp.2d 197, 198 (S.D.N.Y. 2000)). Under the so-called "moonlighting exception," backpay is not reduced by earnings from "a second job that [the employee] held or would have held in addition to the lost employment." *N.L.R.B. v. Ferguson Elec. Co.*, 242 F.3d 426, 433 (2d Cir. 2001) (quoting *Birch Run Welding & Fabricating, Inc.*, 286 N.L.R.B. 1316, 1318 (1987), *enforced* 860 F.2d 1080 (6th Cir. Sept. 28, 1988)).[1]

Citing the "moonlighting exception," Plaintiff asserts that the income he made from his post-Churchill art sales does not exceed what he would have made had his employment not been terminated. Dkt. No. 37 at 2; Dkt. No. 38 at 2. However, Defendant is entitled to test whether Plaintiff's income from painting has been consistent before and after his termination, such that that income may reasonably be considered under the "moonlighting exception" rather than

---

[1] Though *N.L.R.B. v. Ferguson Elec. Co.* arose under the National Labor Relations Act ("NLRA") rather than Title VII, the Second Circuit has recognized that "a court's remedial power under the NLRA and Title VII are analogous." *Dailey v. Societe Generale*, 108 F.3d 451, 460 (2d Cir. 1997) (citing *Local 28 of the Sheet Metal Workers' Int'l Assoc. v. EEOC*, 478 U.S. 421, 447 n. 26 (1986)).

general "interim income" reasonably deducted from any potential back pay recovery. *See United States v. City of New York*, 847 F. Supp. 2d at 427 ("The defendant bears the burden of proving amounts which must be deducted from a plaintiff's gross backpay." (internal quotations omitted)). Defendant's motion is therefore granted and Plaintiff is directed to produce all of his requested post-termination earnings with no exception for Plaintiff's income from his art sales.[2]

Finally, Defendant demands Plaintiff's complete tax returns (including all schedules, W-2s, and 1099s) from 2018 to the present. Dkt. No. 35 at 3. "[T]ax returns stand apart from other subjects of discovery due to 'the private nature of the sensitive information contained therein' as well as 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" *Freeman v. Giuliani*, 2025 WL 207628, at *2 (S.D.N.Y. Jan. 14, 2025) (quoting *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018)); *see also S.E.C. v. Rayat*, 2023 WL 1861498, at *4 (S.D.N.Y. Feb. 9, 2023) (noting that "'[t]he public policy supporting the courts' sensitive treatment of tax returns is' founded, in part, 'in provisions of the Internal Revenue Code declaring that federal tax returns are confidential communications between the taxpayer and the government.'") (quoting 6 Moore's Federal Practice § 26.45[1][b] (3d ed. 2021)). "A party seeking to compel production of tax returns in civil cases must meet a two-part showing that: '(1) the returns must be relevant to the subject matter of the action, and

---

[2] Plaintiff asserts in a single sentence that it would be burdensome for him to go through his records to located documents reflecting his art sales. Dkt No. 37 at 3; Dkt. No. 38 at 3. However, such a conclusory assertion of burden is not sufficient to sustain an objection to a request for production of documents. *See Harris v. Bronx Parent Hous. Network, Inc.*, 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."); *Diaz v. Loc. 338 of Retail, Wholesale Dep't Store Union, United Food & Com. Workers*, 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production.").

(2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.'" *Lopez v. Guzman*, 2018 WL 11411132, at *3 (E.D.N.Y. Nov. 27, 2018) (quoting *Sadofsky v. Fiesta Prods, LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008)); *see Trudeau v. N.Y. State Consumer Prot. Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) ("Routine discovery of tax returns is not the rule but rather the exception."). Although Defendant has shown that the returns contain relevant information, they have not shown that the information is unobtainable through less intrusive sources. Accordingly, the motion to compel the production of Plaintiff's tax returns is denied. *See Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *2 (S.D.N.Y. Oct. 24, 2022).

The motion at Dkt. No. 35 is GRANTED IN PART and DENIED IN PART. The motion to seal at Dkt. No. 36 is granted. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 35 and 36.

SO ORDERED.

Dated: August 18, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                        United States District Judge