# BOND SCHOENECK & KING

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | bsk.com

**SAMUEL G. DOBRE**
sdobre@bsk.com
P: 646.253.2320
F: 646.253.2377

November 19, 2025

**VIA ELECTRONIC FILING**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

> Defendant's motion to compel is denied. "'[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain.'" *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2025 WL 27487, at *1 (S.D.N.Y. Jan. 3, 2025) (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007)).
>
> November 24, 2025
>
> SO ORDERED.
>
> [signature]
> LEWIS J. LIMAN
> United States District Judge

Re:   *Dennis McConkey v. The Churchill School*
      **Civil Action No: 1:24-cv-06091**

Dear Judge Liman:

We represent Defendant The Churchill School and Center ("Defendant" or "Churchill") in the above-referenced matter. Pursuant to Rule 1(C) of Your Honor's Individual Practices in Civil Cases, we respectfully request that the Court compel Plaintiff Dennis McConkey ("Plaintiff") to produce relevant documents that he has withheld without justification, despite good-faith efforts to resolve these disputes through written correspondence and meet-and-confer conferences.

Plaintiff, a former art teacher, was terminated following an investigation that substantiated complaints that he forcibly kicked open the door to a girls' restroom, knocking over a student. The door-kick incident was captured on video surveillance. Plaintiff nonetheless alleges that Churchill terminated him due to his age, sexual orientation, and in retaliation for purported complaints, seeking wide-ranging remedies under the ADEA, Title VII, New York State Human Rights Law, and New York City Human Rights Law.

Plaintiff's Complaint seeks injunctive and declaratory relief, compensatory, liquidated, and punitive damages, as well as back pay, front pay, lost benefits, and damages for alleged emotional distress, mental anguish, and humiliation. While seeking these broad categories of damages, Plaintiff has yet again refused to produce basic documents that go to the heart of his allegations, claimed injuries and efforts to mitigate damages. Plaintiff has also testified that certain documents and/or communications exist, and despite a post-deposition follow up letter dated October 20, 2025, Plaintiff has not produced fully responsive documents. As per Your Honor's rulings on October 21, 2025, the deadline for completion of fact discovery was extended through November 21, 2025. Defendant's counsel received Plaintiff's written response to our October 20th letter earlier today.

Under Fed. R. Civ. P. 26(b)(1) and 34, Plaintiff must produce all non-privileged materials relevant to any claim or defense. He has not done so.

**Outstanding Categories of Documents:**

1) **Text Messages with Identified Witnesses**

Plaintiff's counsel advised that all relevant messages have been produced. That is demonstrably incorrect. Plaintiff testified that he exchanged text messages—both before and after his October 27, 2022 termination—with several individuals identified in his Initial Disclosures, including: Sue Fishkin, Stephanie Jirard, Sridhar Nagubandi, Aileen Zim, Hilary Van Santen, and Christine Pellicano. (*See* **Exhibit A**, Pl. Dep. 11, 14-16, 23, 33-34). Plaintiff's production contains almost exclusively post-termination text messages, directly contradicting his sworn testimony that additional communications exist and he has not produced any supplemental text messages since his deposition.

Plaintiff cannot selectively produce favorable messages while withholding the remainder, particularly text message communications prior to his termination when the alleged discriminatory and/or retaliatory events took place. The Court should compel a complete, good-faith search and production of all responsive pre- and post-termination text messages, or a sworn certification that none exist.

2) **Communications with Wendy Federico**

Plaintiff testified unequivocally that he and Ms. Federico communicated by email. (*See* **Exhibit B** at Pl's Dep. 20-21). Plaintiff has produced only Facebook messages and now claims no emails exist. That assertion directly conflicts with his deposition testimony. The Court should compel Plaintiff to produce all responsive emails and communications with Ms. Federico or certify under oath that, notwithstanding his testimony, none exist after a complete search of all email accounts used during the relevant period.

3) **Job Search, Applications, and Mitigation**

Plaintiff seeks back pay and front pay, yet his mitigation-related production is incomplete, despite multiple requests for supplemental production and deficiency correspondence. Plaintiff testified that he applied to at least six positions and received a job offer from a school, St. Kevin's. (*See* **Exhibit C** at Pl. Dep. 38–42.) However, he has not produced all of his reported job applications, employer responses, no job-offer documentation, and other communications reflecting his job-search efforts or his response denying the job offer.

Earlier today, Plaintiff's counsel acknowledged that Plaintiff applied to three additional employers not previously disclosed, but has not produced any related documentation. This is insufficient and prejudicial. Courts routinely compel complete mitigation discovery in employment cases. Plaintiff should be ordered to produce all responsive documents concerning job applications, prospective employer communications, job offers, personal notes and/or correspondence relating to mitigation efforts, and his job search, or certify that no additional documents exist.

### 4) Communications with Non-Retained Friends

Plaintiff testified that he spoke with "friends of mine who are lawyers," none of whom he retained, and none of whom represented him at any time. (*See* **Exhibit D** at Pl. Dep. 237–239.) Despite this, Plaintiff now attempts to assert privilege over these communications.

Privilege does not apply. Plaintiff testified he consulted these individuals as friends, not for legal advice. The communications Plaintiff had with friends were clearly not communications where a potential client reasonably understood the communication to be confidential for the purpose of seeking legal advice. Plaintiff expressly disclaimed retaining or attempting to retain these individuals and described the conversations as discussions with friends who were lawyers.

Because Plaintiff cannot meet his burden to establish privilege, the Court compel Plaintiff to produce all communications with these individuals concerning his employment or allegations in his Complaint.

### 5) Work-to-Personal Email Communications

Plaintiff testified that he emailed documents from his Churchill account to his personal account (dennismcconkey@me.com) while employed at Churchill. Despite this, Plaintiff has produced only three such emails and claims no others exist. Given Plaintiff's own testimony and the inherent nature of forwarding work materials to a personal account, this representation appears facially incomplete.

Churchill requests an order compelling Plaintiff to conduct a full search of his personal email account and produce all responsive and relevant communications, or certify under oath that no additional emails exist beyond those produced.

**Relief Requested**

For the reasons above, Defendant respectfully requests an order compelling Plaintiff to:

1. Produce all responsive pre- and post-termination text messages with identified witnesses, or certify none exist.
2. Produce all emails or other communications with Wendy Federico, or certify none exist.
3. Produce all documentation related to job searches, applications, employer responses, and job offers—including St. Kevin's.
4. Produce all communications with the three non-retained attorney friends, without privilege objection.
5. Conduct a full search of Plaintiff's personal email account and produce all responsive communications forwarded from his work account, or certify none exist.

Defendant further requests any other relief the Court deems appropriate. We thank the Court for its attention to this matter.

Respectfully Submitted,

BOND, SCHOENECK & KING, PLLC

*[signature]*

Samuel G. Dobre
Member