```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
DENNIS MCCONKEY,                                                 :
                                                                 :
                        Plaintiff,                               :
                                                                 :           24-cv-06091 (LJL)
        -v-                                                      :
                                                                 :           MEMORANDUM &
THE CHURCHILL SCHOOL AND CENTER,                                 :             ORDER
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Dennis McConkey ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 37(a), to compel production from the Churchill School and Center ("Churchill" or "Defendant") of the following categories of documents: (1) "documents concerning other Churchill employees who made complaints of gender-based discrimination and/or retaliation for engaging in protected activities," Dkt. No. 52 at 1; (2) "documents concerning other Churchill employees who engaged in misconduct and Defendant's response to any such misconduct," *id.* at 2; (3) "documents concerning Churchill's former Director of Diversity, Equity, and Inclusion Greene's separation from Churchill," *id.* at 3; and (4) performance valuations for Plaintiff's former Teaching Assistant Hilary Van Santen, *id.* at 3. By supplemental letter, Plaintiff seeks a recording allegedly made of "egregious" statements made by Jason Wallin during a high school meeting and submitted to Churchill's Head of School Dr. Timothy Madigan and any related documentation. Dkt. No. 56 at 1. The motion is granted in part and denied in part.

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "[T]he determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." *Collens v. City of New York*, 222 F.R.D. 249, 252–53 (S.D.N.Y. 2004) (quoting Fed. R. Civ. P. 26 advisory committee notes to 2000 amendment). "The party seeking discovery bears the initial burden of proving the discovery is relevant." *Jones v. Abel*, 2025 WL 1866795, at *1 (S.D.N.Y. July 7, 2025) (quoting *In re Subpoena to Loeb & Loeb LLP*, 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019)).

Plaintiff asserts that multiple witnesses testified at deposition regarding internal and external complaints regarding discrimination and retaliation and that a publicly filed state court complaint alleges "precisely these claims." Dkt. No. 52 at 1. Defendant represents that no complaints of gender-based discrimination or retaliation by other employees exist. Dkt. No. 55 at 1. Documents regarding complaints about discrimination on the basis of age, gender or sexual orientation or retaliation are relevant. *See Malzberg v. New York Univ.*, 2020 WL 3618962, at *2 (S.D.N.Y. July 2, 2020); *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990) (evidence regarding treatment of similarly situated individuals in the protected class is relevant for an individual disparate treatment plaintiff's case). Plaintiff has offered evidence of other employees who complained of age or gender discrimination or retaliation. *See* Dkt. Nos. 61-1 (gender discrimination and retaliation); 61-2 at 51:20–52:6 (complaint about ageism); 61-5 at 69:17–70:4 (age discrimination). Accordingly, Defendant is directed to provide copies of documents regarding the complaints referenced in those portions of the depositions.[1]

---

[1] Plaintiff is not entitled to copies of complaints of race or ethnicity discrimination. *Harris v. Bronx Parent Housing Network, Inc.*, 2020 WL 763740, at *3 (S.D.N.Y. Feb. 14, 2020) ("Other claims of discrimination against a defendant are discoverable if limited to the same form of

Plaintiff also seeks evidence of misconduct by other Churchill employees due to Defendant's assertion that Plaintiff was fired for alleged misconduct. Dkt. No. 52 at 2. Defendant alleges that Plaintiff kicked in a girls' bathroom door, Dkt. No. 19 at 5, and represents that no employees engaged in misconduct comparable to Plaintiff's own conduct, Dkt. No. 55 at 2.[2] A party can prove disparate treatment by showing that he was treated differently from persons who were not in his protected category but were otherwise "similarly situated in all material respects." *Senno v. Elmsford Union Free School Dist.*, 812 F. Supp. 2d 454, 474–75 (S.D.N.Y. 2001). The undisciplined employees must have engaged in "comparable conduct" or conduct of "comparable seriousness." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000); *see O'Neill v. Newburgh Enlarged City School Dist.*, 2025 WL 1554748, at *3 (2d Cir. June 2, 2025) (summary order); *Back v. Hapoalim, B.M.*, 2024 WL 4746263 (2d Cir. Nov. 12, 2024) (summary order). "[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." *Graham*, 230 F.3d at 40; *see Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 437–38 (S.D.N.Y. 2019) (finding that employees who received less discipline "for comparable—if not more serious—offenses" were appropriate comparators).

Plaintiff has shown the existence of one person who arguably engaged in comparably serious conduct but was not disciplined: a teacher at Churchill who remains employed and was previously investigated for allegedly flirting with and stalking a female high school student. Dkt.

---

discrimination."); *see also Vuona v. Merrill Lynch & Co., Inc.*, 2011 WL 5553709, at *7 (S.D.N.Y. Nov. 15, 2011) (denying plaintiff's request for discovery of "non-gender-based complaints" where plaintiff alleged gender discrimination).

[2] Defendant also argues that Plaintiff's request is untimely. Dkt. No. 55 at 2. As Plaintiff's motion to compel was filed before the close of fact discovery, it is timely. *See Maher v. Johnson*, 2023 WL 4847163, at *2 (S.D.N.Y. July 28, 2023) ("Plaintiffs' motion to compel, which was filed one day before the close of fact discovery, is not untimely.").

No. 61-5 at 317:18–25.[3]  The investigation of this teacher is sufficiently relevant for the purposes of discovery.  *See Metcalf v. Yale Univ.*, 2018 WL 8060514, at *3 (D. Conn. Apr. 25, 2018) (where plaintiff, a faculty member, was fired for entering the wrong bathroom and making inappropriate comments, faculty members with sexual misconduct reports were similarly situated comparators).  "Although not unlimited, relevance, for the purposes of discovery, is an extremely broad concept."  *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013) (internal quotations omitted).[4]  Accordingly, Defendant is directed to produce non-privileged documents concerning the investigation of the above noted teacher's alleged misconduct.

Next, Plaintiff asserts that documents concerning Ashley Greene's separation from Churchill are relevant because the "facts strongly suggest that Greene entered into a settlement with Churchill related to discrimination or retaliation claims."  Dkt. No. 52 at 3.  Defendant asserts that no internal or external complaints were ever filed by or on behalf of Greene and that Defendant has no responsive documents.  Dkt. No. 55 at 2.  Plaintiff's assertion that Greene complained to be a victim of discrimination or retaliation is not supported by the evidence.  A party cannot be ordered on pain of sanctions to produce documents it does not have.  *See In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2025 WL 27487, at *1 (S.D.N.Y. Jan. 3, 2025) (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007)).  Accordingly, the motion is denied.[5]

---

[3] This investigation was also discussed in other depositions.  *See* Dkt. Nos. 61-4 at 261:16–262:12; 61-3 at 270:13–271:20.

[4] Relevance is construed broadly for the purposes of discovery.  Accordingly, this order should not be construed to opine on the admissibility of the requested evidence at trial.  *DoorDash, Inc. v. City of New York*, 754 F. Supp. 3d 556, 573 (S.D.N.Y. 2024) ("[I]t is not the function of this Court, in assessing relevance for purposes of discovery, to decide issues of admissibility . . . ." (quoting *Favors v. Cuomo*, 285 F.R.D. 187, 218 (E.D.N.Y. 2012)).

[5] Plaintiff's supplemental request for the Wallin recording also is denied.  Plaintiff bases that request on the premise that Greene separated from Defendant following complaints regarding

Plaintiff seeks the performance evaluations of Plaintiff' replacement, Ms. Van Santen, claiming that Van Santen "played a central role in the investigation that led to Plaintiff's unlawful firing." Dkt. No. 52 at 3. Plaintiff claims that the personnel files bear on her "credibility, motive, and pretext." *Id.* Defendant claims that the performance evaluations are irrelevant because Ms. Van Santen was not a decisionmaker in Plaintiff's termination. Dkt. No. 55 at 3. Plaintiff offers no evidence that Ms. Van Santen had a role in Plaintiff's termination. Therefore, the motion is denied.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 52.

SO ORDERED.

Dated: November 25, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                     United States District Judge

---

discrimination and retaliation. Plaintiff also states that the recording is "highly relevant comparator evidence." Dkt. No. 56 at 1. However, Plaintiff proffers no evidence that Greene complained that she was a victim of discrimination or retaliation or that Wallin's conduct is comparable to that for which Plaintiff allegedly was disciplined. Further, Defendant states that Greene could not recall the substance of the recording, did not testify that the recording contained any disparaging comment related to age, gender, or sexual orientation, and did not testify that she made the recording in order to submit it in the form of a report or complaint. Dkt. No. 63 at 1. Plaintiff has thus not demonstrated that the Wallin recording is relevant to his claims.