UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
DENNIS MCCONKEY,                                                        :
                                                                        :
                        Plaintiff,                                      :
                                                                        :
        -v-                                                             :
                                                                        :
THE CHURCHILL SCHOOL AND CENTER,                                        :
                                                                        :
                        Defendant.                                      :
                                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__04/14/2026__

24-cv-06091 (LJL)

MEMORANDUM &
ORDER

LEWIS J. LIMAN, United States District Judge:

Before the Court are five motions to seal regarding materials submitted in connection with The Churchill School and Center's ("Churchill" or "Defendant") motion for summary judgment and Dennis McConkey's ("McConkey" or "Plaintiff") motion for sanctions.  Dkt. Nos. 74, 84, 94, 100, 119.  Plaintiff's motions are granted and Defendant's motions are granted in part and denied in part.

## LEGAL STANDARD

There is a presumption of public access to judicial documents.  See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).  A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process."  *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  "[A]ll documents submitted in connection with, and relevant to, such judicial decisionmaking are subject to at least some presumption of public access."  *Brown*, 929

F.3d at 50.  "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121.  "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Where the presumption is at its peak, as it is in the summary judgment context, continued sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124.  Among the "higher values" that courts have found sufficient to overcome the presumption of public access are "protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties, preventing danger to persons or property, and maintaining 'the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices.'" *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 68–69 (2d Cir. 2025) (citation omitted).

## DISCUSSION

The parties' requests for redactions are granted in part.  Defendant's request for redactions of Dkt. No. 97-5 is denied.

Plaintiff requests the redactions of the names of Defendant's current and former students, students' parents, and four former employees of Defendant, as well as redaction of an image that includes faces of Defendant's students.  Dkt. No. 72, 100.  Defendant similarly requests the redaction of the names and/or contact information of students, current or former employees of Defendant, and an investigator.  Dkt. Nos. 84, 94, 119.  The identities of these non-parties are not

relevant to the dispute, and "third-party privacy interests justify the requested sealing and redaction of certain private information." *Rosario v. Community Hous. Mgt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) (internal citations and quotations omitted); *see id.* (granting sealing as to identifying information of non-party tenants); *J.L. on behalf of J.P. v. N.Y.C. Dep't of Educ.*, 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024) (finding that "children's privacy interests in their identifies and their specific medical and educational information outweighs the public interest in this information."); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6, *8–9 (S.D.N.Y. May 16, 2023) (granting the sealing of the identities of third-party employees and of non-party contact information). Defendant also seeks redaction of limited employment information regarding non-party employees. Dkt. No. 94. These privacy interests also justify sealing. *See Hernandez v. Off. of Comm'r of Baseball*, 2021 WL 1226499, at *12–13 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal non-party employment records and performance reviews); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) ("[A]llegations in the exhibits detailing internal employee evaluations would likely cause embarrassment to third parties and [] the third parties' privacy interests outweigh the public's interest in disclosure.").

Plaintiff seeks redactions of information regarding non-party medical information, Dkt. Nos. 72, 100, and Defendant seeks to redact the name of Plaintiff's identified medical treater, Dkt. No. 119. A non-party's privacy interest in their medical information outweighs the right of public access to judicial documents. *See Locus Techs. v. Honeywell Int'l Inc.*, 2024 WL 5103334, at *8 (S.D.N.Y. Dec. 13, 2024) ("Courts in this District regularly seal medical information, including the medical information of non-party witnesses."). Plaintiff's privacy interest in his medical information, where, as here, the source of his treatment has little relevance

3

to the dispute at issue and the request is narrowly tailored, also outweighs the right of public access. *See Parker v. Brann*, 2022 WL 18402115, at *8 (S.D.N.Y. Dec. 17, 2022) (granting request to seal plaintiff's medical information where "sealing request is narrowly tailored").

Defendant also requests that information about Plaintiff's compensation and employment terms be redacted. Dkt. No. 84. "Personal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access, and this information has minimal relevance to the Court's decision on the summary judgment motions." *Ripple Labs*, 2023 WL 3477552, at *3 (citing *City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021)); *see also Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) (permitting redaction of the amount of monetary compensation earned by plaintiff); *Rensselaer Polytechnic Inst. v. Amazon, Inc.*, 2019 WL 13163696, at *2 (N.D.N.Y. July 30, 2019) (rejecting wholesale sealing of certain agreements but allowing defendants to "black out pricing information" throughout the agreements in question).

Defendant requests redaction of information pertaining to Churchill's security system. Dkt. No. 94; *see* Dkt. No. 97-5 at 34–40, 41–43, 45, 49, 51–52, 54, 56–58, 62–63, 66–69, 71–74, 73, 74, 77, 79–84, 92–93, 96. These redactions pertain to Defendant's video surveillance system, the operation of which very well may "directly affect an adjudication of the merits" of Plaintiff's motion for sanctions, *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), which concerns the failure to preserve video surveillance evidence, Dkt. No. 76 at 1. Defendant does not offer any explanation for its proposed redactions and has not met its burden of demonstrating that the redactions should be maintained. *See Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) ("The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." (quoting

*DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997))).  The Court therefore

denies Defendant's motion as to Dkt. No. 97-5.

**CONCLUSION**

Plaintiff's motions to seal are GRANTED.  Defendant's motions to seal at Dkt. Nos. 84

and 119 are GRANTED.  Defendant's motion to seal at Dkt. No. 94 is GRANTED IN PART and

DENIED IN PART.

The Clerk of Court is respectfully requested to close Dkt. Nos. 74, 84, 94, 100, 119.

The Clerk of Court is respectfully requested to unseal Dkt. No. 97-5.

 SO ORDERED.

Dated: April 14, 2026
       New York, New York

_____
                LEWIS J. LIMAN
          United States District Judge