UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
DENNIS MCCONKEY,                                                        :
                                                                        :
                                                                        :
                                Plaintiff,                              :
                                                                        :           24-cv-06091 (LJL)
            -v-                                                         :
                                                                        :           MEMORANDUM &
THE CHURCHILL SCHOOL AND CENTER,                                        :             ORDER
                                                                        :
                                Defendant.                              :
                                                                        :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff moves to seal one exhibit submitted in connection with The Churchill School

and Center's ("Churchill" or "Defendant") motion to strike. Dkt. No. 135. Plaintiff's motion is

granted.

The Court has previously set forth the standard for sealing documents:

There is a presumption of public access to judicial documents. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "[A]ll documents submitted in connection with, and relevant to, such judicial decisionmaking are subject to at least some presumption of public access." *Brown*, 929 F.3d at 50. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Where the presumption is at its peak, as it is in the summary judgment context, continued sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is

narrowly tailored to achieve that aim." *Id.* at 124. Among the "higher values" that courts have found sufficient to overcome the presumption of public access are "protecting the confidentiality of grand jury proceedings, protecting minor victims of sex crimes, protecting a defendant's Sixth Amendment right to a fair trial, protecting significant and substantial privacy interests, such as the physical safety of litigants, witnesses, or third parties, preventing danger to persons or property, and maintaining 'the integrity of significant activities entitled to confidentiality, such as ongoing undercover investigations or detection devices.'" *Courthouse News Serv. v. Corsones*, 131 F.4th 59, 68–69 (2d Cir. 2025) (citation omitted).

Dkt. No. 134 at 1–2; *McConkey v. Churchill Sch. & Ctr.*, 2026 WL 1002371, at *1 (S.D.N.Y. Apr. 14, 2026).

Plaintiff requests the redaction of a non-party's phone number. Such information has no relevance to the dispute at issue and the proposed redactions are narrowly-tailored. The privacy interest of the non-party whose contact information is at issue outweighs the presumption of access. *See Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) (granting request to seal non-party contact information); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (same).

Plaintiff also requests to redact, in both the sealed and unsealed versions of the exhibit, the name of the potential witness referenced in the text message. Plaintiff states that when the text message was sent, counsel was in the midst of deciding which witnesses to submit declarations from, and the identities of the witnesses whom counsel considered speaking with is protected by the work-product privilege. *See* Dkt. No. 135 at 1 (citing *Fecteau v. City of Mount Vernon*, 2025 WL 2243346, at *4 (S.D.N.Y. Aug. 6, 2025); *Smalls v. N.Y. Hosp. Med. Ctr. of Queens*, 2013 WL 12333083, at *2 (E.D.N.Y. Oct. 15, 2013)). The text message states, "[Redacted] just texted me about your wrongful firing from Churchill" and continued, "I would be happy to speak on your behalf as well!" Dkt. No. 138-1. Revealing the identity of a potential witness that spoke on Plaintiff's behalf has "the potential to reveal counsel's opinions, thought processes, or strategies." *Steele v. CVS Pharmacy, Inc.*, 2016 WL 1659317, at *1 (S.D.N.Y.

Apr. 18, 2016) (quoting *US Bank Nat'l Assoc. v. PHL Variable Ins. Co.*, 2013 WL 5495542, at *9 (S.D.N.Y. Oct. 3, 2013)); *see id.* (finding that the identities of persons interviewed by counsel are protected work product); *Fecteau*, 2025 WL 2243346, at *4 (shielding list of persons interviewed by counsel from discovery).  Plaintiff's request to redact the name of the potential witness is therefore granted.

Plaintiff's motion to seal is GRANTED.

The Clerk of Court is respectfully requested to close Dkt. No. 135.

SO ORDERED.

Dated: May 12, 2026
      New York, New York

                        LEWIS J. LIMAN
                    United States District Judge